UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO INIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GEICO INDEMNITY COMPANY,<br><br>　　　　　　Defendants. | No. 1:17-cv-00371-DAD-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 5) |

This matter is before the court on defendant's motion to dismiss. (Doc. No. 5.) Oral argument was heard on April 18, 2017. Attorney Brian Folland appeared on behalf of plaintiff, Alphonso Iniguez. Attorney Glenn M. Kenna appeared on behalf of defendant, GEICO Indemnity Company. For the reasons set forth below, the court grants defendant's motion to dismiss without prejudice.

**BACKGROUND**

Plaintiff originally filed suit in Fresno County Superior Court alleging breach of contract and breach of the covenant of good faith and fair dealing. (Doc. No. 7.) Defendant removed this action to federal court on March 14, 2017. (Doc. No. 1.) Defendant filed the pending motion to dismiss for failure to state a claim on March 21, 2017. (Doc. No. 5.) Plaintiff's opposition was

1

due on April 4, 2017; however, plaintiff did not file his opposition until April 7, 2017. (Doc. No. 13.) Defendant filed its reply on April 12, 2017. (Doc. No. 14.)

In his complaint, plaintiff Alphonso Iniguez alleges as follows. Plaintiff was insured by defendant, GEICO Indemnity Company ("GEICO") under Policy Number 4220-80-46-62. (Doc. No. 7 at 3, ¶ 4.) Under that policy plaintiff was insured for up to $30,000 per person and $60,000 per occurrence with respect to underinsured and uninsured motor vehicle coverage. (Doc. Nos. 5-1 at 1; 7 at 3, ¶ 4.) On April 20, 2016, plaintiff attempted to purchase a tractor from the business of Mr. James Bill, located at 9945 West Barstow Avenue in Fresno, California. (Doc. No. 7 at 3, ¶ 5.) Plaintiff sat on the tractor while Mr. Bills pushed it with his forklift to load the tractor onto the flatbed trailer which was hitched to plaintiff's 2007 Tundra truck. (*Id.*) The Tundra truck and flatbed were both situated on Barstow Avenue. (*Id.*) Mr. Bills had to drive the forklift onto Barstow Avenue to access the flatbed trailer. (*Id.* at 3–4, ¶ 6.) As the tractor began to ascent up, "the forks on the forklift suddenly slipped off the tractor and hit Alphonso in the back." (*Id.* at 4, ¶ 7.) The tractor began to roll back and the forklift briefly stalled before jerking forward and "pinning [plaintiff] between the forks of the forklift and the steering wheel of the tractor." (*Id.*) Plaintiff was taken to the hospital and complained of "severe pain in his lower back and abdomen and inability to move or feel his left leg." (*Id.* at ¶ 8.) Plaintiff's symptoms continue to persist. (*Id.*)

Following these events, plaintiff submitted a claim for uninsured motorist benefits. (Doc. No. 5-1 at 2.) Defendant denied the claim for lack of coverage. (*Id.*)

**DISCUSSION**

Defendant moves to dismiss this action because: (1) plaintiff failed to file a timely opposition to the motion[1]; and (2) plaintiff's complaint fails to state a claim upon which relief can be granted.

/////

---

[1] Local Rule 230(c) provides that any opposition to the granting of the motion shall be filed and served not less than fourteen (14) days preceding the hearing date. Plaintiff's opposition was filed three days late. Nonetheless, the court will exercise its discretion and consider plaintiff's position as reflected in the untimely filing.

Defendant's second argument is well-taken. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Defendant argues plaintiff's complaint is subject to dismissal because "he has not met the statutory prerequisites to a cause of action for breach of contract" arising from defendant's failure to pay uninsured motorist benefits. (Doc. No. 5-1 at 2.) California Insurance Code § 11580.2 governs uninsured motorist policies and provides,

> (i)(1) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within two years from the date of the accident:
>
> (A) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.
>
> (B) Agreement as to the amount due under the policy has been concluded.

3

> (C) The insured has formally instituted arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested . . .

Cal. Ins. Code § 11580.2(i). "The statute imposes an absolute obligation on the insured to comply with its mandates or else the insured forfeits his claim." *Blankenship v. Allstate Ins. Co.*, 186 Cal. App. 4th 87, 94 (2010). "One of these three events must occur as a condition precedent to the accrual of a cause of action against the insurer." *Spear v. California State Auto. Ass'n.*, 2 Cal. 4th 1035, 1039 (1992) (citing *Williams v. Los Angeles Transit Authority*, 68 Cal. 2d 559, 605 (1968) and *Pacific Indem. Co. v. Ornellas*, 269 Cal. App. 2d 875, 877–78 (1969)).

Here, plaintiff "concedes that he has not yet complied with California Insurance Code section 11580.2(i)" and requests that the instant action be dismissed without prejudice so that he may comply with the statute by filing a written demand for arbitration. (Doc. No. 13 at 1.)[2]

## CONCLUSION

Accordingly, for the reasons set forth above, defendant's motion to dismiss (Doc. No. 5) is hereby granted. Plaintiff's complaint is dismissed without prejudice but without leave to amend and the Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **April 18, 2017**

_____
UNITED STATES DISTRICT JUDGE

---

[2] In light of this concession, the court need not consider defendant's arguments that plaintiff's complaint also fails to sufficiently allege claims for breach of contract and breach of the covenant of good faith and fair dealing.

4